(38 App. Div. 93.)

GARRISON v. QUICK.

(Supreme Court, Appellate Division, Second Department.　February 7, 1899.)

SECOND CHATTEL MORTGAGE—WHAT CONSTITUTES.

A person in possession of a watch, under a bill of sale, as security for a debt, jointly with the owner executed a mortgage thereon to a third person, which recited that it was subject to the debt secured by the bill of sale, and agreed with the mortgagee to deliver the watch to him in case of default. Held, that the chattel mortgage and agreement to deliver the watch were a second mortgage, and on default the holder was not obliged to deliver the watch until the payment of his claim.

Appeal from special term.

Action by Delia Garrison against Edwin A. Quick.　There was a judgment for defendant and plaintiff appeals.　Affirmed.

The agreement referred to in the opinion was an agreement by the holder of the watch to deliver it to the mortgagee in case of a default in the mortgage.

The following is the opinion of the court below (DYKMAN, J.):

The defendant, Quick, held a bill of sale of the watch in question to secure the payment of fifty dollars, and the watch was in his possession. Holding the bill of sale, he, with James Holian, executed a chattel mortgage upon the watch to the plaintiff to secure the payment of ninety-seven dollars and six cents.　The mortgage was expressly made subject to the claim of Quick for fifty dollars, for which he held the bill of sale of the watch. It does not appear who owed the debt to secure which the mortgage was made, but presumably it was Holian's debt, as there is no other apparent reason for his joining in the mortgage.　The bill of sale to Quick for the watch, the agreement contained in the receipt of Quick to the plaintiff, and the chattel mortgage from Quick and Holian to the plaintiff, must be construed together, and the legal rights of the parties must be deduced from the transactions which they embody.　In that view, the position is this:　Quick had the watch, and a bill of sale for it, as security for the payment of fifty dollars.　That vested the absolute title of the watch in him, of which he could be devested only by the payment of fifty dollars.　The chattel mortgage recognizes and reserves his rights, and the agreement refers to the mortgage.　It is in fact a second mortgage, or, rather, a mortgage upon the equity of redemption.　The defendant could not, therefore, be required to surrender the watch until he was paid fifty dollars.　Nothing but such payment could devest him of his title and right of possession.　It follows that this action must fail, and the complaint must be dismissed, with costs.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William Riley, for appellant.

Joseph F. Daly, for respondent.

PER CURIAM.　Judgment affirmed, with costs, on opinion of DYKMAN, J., at special term.